

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2007

# Lum v. Bank Amer

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5460

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lum v. Bank Amer" (2007). *2007 Decisions.* Paper 1134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 05-5460

———————

HING Q. LUM; DEBRA LUM, husband and wife;
GARY ORIANI,

Appellants

v.

BANK OF AMERICA; CITIBANK, N.A.;
FIRST UNION NATIONAL BANK;
WELLS FARGO BANK, N.A.; FLEET BANK;
PNC BANK, N.A.; THE BANK OF NEW YORK;
KEY BANK; BANK ONE; U.S. BANK;
JOHN DOES 1 THROUGH 100;
JP MORGAN CHASE BANK, N.A.

———————————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-02640)
District Judge:  Faith S. Hochberg

———————

Submitted Under Third Circuit LAR 34.1(a)
on March 26, 2007

RENDELL, JORDAN, ROTH, Circuit Judges.

(Filed: May 7, 2007)
———————————

OPINION OF THE COURT
———————————

RENDELL. Circuit Judge.

Plaintiffs Hing Quan Lum, Debra Lum, and Gary Oriani appeal from the order by the United States District Court for the District of New Jersey granting defendants'[1] motion to dismiss Plaintiffs' amended complaint. The complaint sought to set aside an order in a prior suit between the parties in which the court had granted the Defendants' motion to dismiss the original action. *See Lum v. Bank of Am.*, No. 00-223, 2001 WL 34059378 (D.N.J. Nov. 29, 2001), *aff'd* 361 F.3d 217 (3d Cir. 2004). Plaintiffs' claim was based on four grounds: newly discovered evidence; misconduct of the Defendants directed at the Plaintiffs; fraud on the court; and a prayer for relief based on the court's equitable powers. The District Court granted the Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below we will affirm the District Court's order.[2]

---

[1] The Defendant Banks include Bank of America Corp, Citibank NA, Chase Manhattan Bank, Morgan Guaranty Trust Co. of New York, First Union National Bank, Wells Fargo Bank NA, Fleet Bank, PNC Bank, Bank NY, Key Bank, Bank One Corp., US Bank, and JP Morgan Chase Bank ("Defendant Banks").

[2] The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1332. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of a motion to dismiss an amended complaint *de novo*. *Herring v. United States*, 424 F.3d 384, 389 (3d Cir. 2005). In a motion to dismiss, we must accept as true all factual allegations in the complaint and draw all reasonable inferences from the facts in Plaintiffs' favor. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). However, we "need not credit a complaint's 'bald assertions' or 'legal conclusions.'" *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

# I.

Plaintiffs filed the original complaint in 2000, claiming to represent a class of individuals who borrowed money from the Defendants and paid an interest rate (pursuant to a loan agreement, financial or credit instrument, or credit card agreement) tied to the "prime rate." The Plaintiffs alleged that "prime rate" meant the "rate offered to the bank's most credit-worthy customers." *Lum*, 2001 WL 34059378, at \*1. According to Plaintiffs, the Defendants artificially inflated the rate Plaintiffs paid by reporting a "prime rate" to Defendants' customers and national newspapers that did not reflect the rate charged to their best customers. Plaintiffs alleged that Defendants' conduct in reporting the allegedly inflated rate violated the Sherman Antitrust Act, 15 U.S.C. § 1, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c); that the Defendants conspired to violate RICO, 18 U.S.C. § 1962(d); that they violated the New Jersey Consumer Fraud Statute, N.J. STAT. ANN. 56:8-2 *et seq*; and that they breached their contract with Plaintiffs.

The District Court granted Defendants' motion to dismiss Plaintiffs' complaint. The District Court dismissed the antitrust claim because Plaintiffs failed to plead the facts that constituted the conspiracy, the conspiracy's object, or its accomplishment. *Lum*, 2001 WL 34059378, at \*2-\*3. The Court dismissed the Plaintiffs' RICO claim because it did not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) that applies where, as here, the predicate acts of the RICO claim are mail and wire fraud. *Id.* at \*4. In addition, the District Court dismissed the RICO conspiracy claim noting that

3

a claim that alleges conspiracy to violate RICO fails if the allegations do not state a substantive RICO violation. *Id.* at *5 (citing *Lighting Lube Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993)).[3] We affirmed.[4]

In affirming the District Court, we noted that the term "prime rate" was "sufficiently indefinite that it is reasonable for parties to have different understandings," *id.* at 226, and the financial agreements entered into evidence did not define the term "prime rate" as the rate available to the banks' best customers. Rather, the agreements defined "prime rate" as the rate "reported in the New York Times," "published in the 'Money Rates' table of The Wall Street Journal," and "the base rate on corporate loans at large U.S. money center commercial banks." *Id.* at 222. Plaintiffs also submitted in their original action evidence of glossary definitions from Citibank NA ("Citibank") and First Union National Bank ("First Union") in which the term "prime rate" was defined as the interest rate banks charge their most credit-worthy customers. *Id.* at 225. But we noted that the Plaintiffs did not indicate that these glossary definitions were presented to the named Plaintiffs or that anyone entered into a financial transaction with First Union or

---

[3]Because the District Court dismissed all of the Plaintiffs' federal causes of action, it declined to exercise supplemental jurisdiction over the Plaintiffs' state-law claims. *Id.* at *6.

[4]*Lum v. Bank of Am.*, 361 F.3d 217, 226 (3d Cir. 2004). We affirmed the order finding that the Plaintiff failed to plead with the necessary particularity required for fraud under Rule 9(b). *Id.* at 220. We noted that Rule 9(b) not only applied to the RICO claims, but also to the antitrust claim which was based on fraud. *Id.* Plaintiffs had failed to plead with particularity as required by Rule 9(b) because Plaintiffs failed to allege what specific conduct was fraudulent or the date, place, and time of the alleged fraud. *Id.* at 224.

Citibank which used the term "prime rate." *Id.* at 225-26.[5]

Plaintiffs filed this action on May 24, 2005 seeking to set aside the District Court's order, and on June 16, 2005 they filed an amended complaint. Plaintiffs argued that the order by the District Court in the original action should be set aside because glossary definitions on five of the Defendants' websites that have been uncovered undermine the order. This, they contended, was newly discovered evidence entitling them to relief from the order, as well as evidence of fraud on the court. Defendants filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In an independent action such as this–as opposed to a Rule 60(b) motion[6]–we must find a "grave miscarriage of justice" in order to set aside a prior judgment. *See United States v. Beggarly*, 524 U.S. 38 (1998) (finding no grave miscarriage of justice where the government failed to thoroughly search their records). The District Court found that the alleged transgressions did not rise to that level and granted Defendants' motion to

---

[5] *See Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir. 1998) (holding that prior to class certification, the adequacy of the pleading in a RICO action must be based on the specificity of the fraud allegation relating to the named plaintiffs).

[6] Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud[,] . . . misrepresentation, or other misconduct of an adverse party. . . or (6) any other reason justifying relief from the operation of the judgment" Fed. R. Civ. P. 60(b). Motions under Rule 60(b)(1)-(3) must be made "not more than one year after the judgement, order, or proceeding was entered or taken." *Id.* In addition, the Rule provides that the "power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding" is not limited by the rule. *Id.*

dismiss. The District Court found that the new evidence was cumulative, not material to the case, and would not have changed the outcome of the case; and that the plaintiffs' alleged facts, even accepted as true, were not sufficient to prove fraud on the court.

**II.**

On appeal, Plaintiffs reiterate their contention that a grave miscarriage of justice would result if the 2001 order stands. We agree that Plaintiffs have failed to establish that a grave miscarriage of justice occurred.

The original complaint was dismissed by the District Court, and upheld by our Court, due to a failure to plead with particularity. These newly discovered definitions do not cure that failure because they do not allege a specific date, place, or time for the fraud or an alternate means to inject precision into the allegations. And as alternate definitions of prime rate exist, Plaintiffs have still failed to show–even with the new glossary definitions–that the definition of prime rate as the rate available to a banks' best customers was so well-known that a reasonable person could not understand the term to be otherwise.[7] Based on the same facts, Plaintiffs claim that the Defendants committed misconduct directed at the Plaintiffs when they failed to disclose the existence of the glossary definitions pursuant to Federal Rule of Civil Procedure 26, and that these acts constituted a fraud on the court. As discussed above, the glossary definitions were not

---

[7]*See Lum*, 361 F.3d at 226 (noting "prime rate" is an indefinite term and referencing a congressional committee staff report and other court opinions discussing the term's lack of precision).

material to the outcome and, in addition, a fraud on the court action faces a demanding standard of proof. Finding fraud on the court "'must be supported by clear, unequivocal and convincing evidence,'" *Herring v. United States*, 424 F.3d 384, 387 (3d Cir. 2005) (quoting *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976)), and is justified by only the "most egregious misconduct directed to the court itself," *id.*, such as bribery of a juror or fabrication of evidence. *Zurich N. Am. v. Matrix Serv. Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005); *Grenier v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998). We have nothing of that sort here. Lastly, Plaintiffs also contend that the judgment should be set aside pursuant to the equitable powers of the court. A court can vacate a judgment pursuant to its equitable powers where extraordinary circumstances are present and "whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949). As we have described above, this case does not present grave or "extraordinary circumstances" which require the use of equitable powers to accomplish justice.

## CONCLUSION

For the reasons stated above and for the reasons given by the District Court we will AFFIRM the District Court's grant of the Defendants' motion to dismiss the Plaintiffs' amended complaint.

_____